UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **BRANDON JONES** | **CIVIL ACTION NO. 21-3478** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **COMMANDER FARRIS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Brandon Jones, a prisoner at Caddo Correctional Center ("CCC") proceeding pro se and in forma pauperis, filed this proceeding under 42 U.S.C. § 1983. He names the following defendants: CCC, Commander Farris, and Sergeant Trot.[1] For reasons below, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that Sergeant Trot and Commander Farris failed to protect him from harm. He alleges that on March 6, 2012, Sergeant Trot informed him that he was being moved from Dorm Foxtrot to Dorm Delta. [doc. # 11, p. 1]. He claims that Trot moved him to Dorm Delta even though he twice informed Trot that he had enemies there. *Id.* On March 7, 2012, ten prisoners "jumped" Plaintiff, hurting him "very bad" and injuring his face. [doc. #s 1, p. 3; 11, p. 1]. He received stitches on his left eyebrow. *Id.* Plaintiff seeks release from confinement and compensation. *Id.* at 4.

On December 27, 2021, Plaintiff filed an Application for Writ of Habeas Corpus, claiming that he is terrified of the officials at CCC, that officials assigned him to a dormitory

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

housing inmates who attacked him in the past, that he does not feel safe, and that officials are harassing and mistreating him because he filed a civil suit. [doc. # 12, p. 1].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

3

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Habeas Corpus Relief**

Plaintiff seeks release from custody. This relief is unavailable through a civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Court should therefore dismiss Plaintiff's habeas corpus request from this civil rights action.

Plaintiff may pursue his request for release from custody in his pending habeas corpus action, *Jones v. Warden Caddo Correctional Center*, 5:21-cv-4441 (W.D. La. Dec. 27, 2021). Plaintiff shall file any documents concerning his request for release from custody using the case number for his habeas corpus proceeding, 21-4441. The undersigned cautions that Plaintiff must first exhaust all of his available *state* remedies before he may obtain habeas corpus relief in this Court. The undersigned also cautions Plaintiff that habeas corpus relief is generally unavailable as a remedy for claims that are not related to the cause of the prisoner's confinement. *See generally Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

**3. Statute of Limitations**

District courts are authorized to dismiss a claim as frivolous if "it is clear from the face of

a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984); *Adrian v. Selbe*, 364 F. App'x 934, 936 (5th Cir. 2010). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986); *Adrian*, 364 F. App'x at 936. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). "Such knowledge encompasses both (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." *Adrian*, 364 F. App'x at 937.

Here, Plaintiff's claims accrued on March 7, 2012, the day defendants allegedly failed to protect him from harm. Plaintiff plainly had knowledge of his claims when the other inmates harmed him and when defendants failed to protect him from that harm.[3] In fact, Plaintiff states

---

[3] *See White v. Zerangue*, 57 F. App'x 210 (5th Cir. 2002) (affirming a finding that a failure-to-protect claim against law enforcement officers accrued the day the inmate was attacked by fellow inmates).

that in 2012, he filed a civil rights action concerning the same events he references in this proceeding. *Brandon Jones v. Parish of Caddo, et al.*, 12-0881 (W.D. La. April 12, 2012). Judge S. Maurice Hicks, Jr., dismissed Plaintiff's previous proceeding without prejudice on February 5, 2014. *Id.*

Plaintiff, therefore, had one year, or until (at the latest) March 7, 2013, to file his claims. As Plaintiff did not file his claims until, at the earliest, September 27, 2021, the claims are subject to dismissal.[4] [doc. # 1, p. 4].

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Brandon Jones's request for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** to his right to pursue the relief in his pending habeas corpus proceeding.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** as untimely, as frivolous, and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

---

[4] The limitations period is subject to state tolling and equitable tolling in certain circumstances, but Plaintiff does not allege or suggest that such circumstances were present before he filed this proceeding. Even assuming Plaintiff's (1) prior civil suit—which the Court dismissed in February 2014—and (2) pursuit of administrative remedies tolled or suspended the statute of limitations while they were pending, over one year still elapsed untolled before Plaintiff filed this proceeding.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 4th day of January, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge